**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN COLBERT, | |
| Plaintiff, | Civil Action No. 14-4457 (ES) |
| v. | OPINION |
| ROY HENDRICKS, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

  Plaintiff Justin Colbert ("Plaintiff"), a pre-trial detainee[1] confined at Essex County Jail in Newark, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. No. 2).

  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

---

[1] Plaintiff identifies himself as a "pre-trial detainee," however based on his inmate number, J-2013-23954, it appears that he might be an immigration detainee.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Roy L. Hendricks, Alfaro Ortiz, and Essex County Jail.[2] The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that Defendants "knowingly and deliberately" permit usage of the "extremely loud" employee Public Announcement ("PA") System on a twenty-four hour basis, which causes sleep deprivation among the inmate population. (D.E. No. 1, Compl. ¶ 1). The PA System is only used for employees, who could also be located via telephone, walkie-talkies, or the hallway loudspeaker system. (*Id.*). Plaintiff further alleges that Defendants "knowingly and deliberately" refuse to provide the inmate population with updated legal materials and deliberately removed the New Jersey Administrative Code and New Jersey Statute Annotated Title 59:1-1 from the library to prevent inmates from challenging institutional policies or filing a Tort Claim against the facility. (*Id.* at ¶ 2). Defendants also allegedly failed to provide the New Jersey Lawyers Diary in the Electronic Law Library (ELL) Premise System. (*Id.*).

Plaintiff further alleges that Defendants failed to monitor and abide by the terms of the inmate grievance system. (*Id.* at ¶ 5). Specifically, Defendants fail to process and respond to grievances because the grievance coordinator fails to collect the grievances on a daily basis. (*Id.* at ¶ 7). Finally, Plaintiff alleges that Defendants "failed to install a filtering system within the institutional ventilation system, or moniter [sic] and replace the system's filter on a regular basis,

---

[2] A jail is not a "person" amenable to suit under § 1983. *See, e.g.*, *Parrish v. Aramark Foods, Inc.*, No. 11–5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases). Accordingly, this Court will dismiss with prejudice all claims asserted against Essex County Jail.

to prevent dust particles, from emitting from the system, causing Plaintiff to inhale same, which subjects the Plaintiff to health problems." (*Id.* at ¶ 10). Defendants are "well aware" of the dust problem caused by the ventilation system, but are only concerned with complying with fire codes. (*Id.* at ¶ 11).

In a supplement to his original Complaint, Plaintiff further alleges that:

> [t]he water from Essex county correctional facility has been causing [him] complications to [his] health since [his] incarceration on 11/2013. [He is] constantly throwing up, [has] sore throats and noticed blood in [his] feces. [He is] breaking out with skin rashes from the showers and [he has] filled out numerous sick call slips to no avail to date 6.24.14, still have not been saw [sic]. Proof can be provided.

(D.E. No. 1-3, Supplement to Compl. ("Suppl.") ¶ 6).

Plaintiff is seeking injunctive, declaratory, and monetary relief. (Compl. ¶ 7).

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

  2. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

1. Conditions-of-Confinement Claims

In his Complaint, Plaintiff raises three conditions-of-confinement claims: (1) sleep deprivation due to the PA system; (2) inadequate ventilation system; and (3) tainted water.

Whether Plaintiff is an immigration detainee or a pre-trial detainee, his conditions-of-confinement claims are evaluated under the Fourteenth Amendment. *See Adekoya v. Chertoff*, 431 F. App'x 85, 88 (3d Cir. 2011) (per curiam) (stating that an immigration detainee is entitled to the same protections as a pretrial detainee and when pretrial detainees challenge their conditions of confinement, a court considers "whether there has been a violation of the Due Process Clause of the Fourteenth Amendment"). In *Bell v. Wolfish*, the Supreme Court held that "under the Due Process Clause . . . a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." 441 U.S. 520, 535 (1979). Still, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense . . . ." *Id.* at 537. Under *Bell*, a "particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution." *Id.*

It is well settled that in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 675–76. In his Complaint, Plaintiff names Warden Roy Hendricks and Director Alfaro Ortiz as defendants. Plaintiff alleges that Defendants Hendricks and Ortiz "knowingly and deliberately" permit the use of the Public Announcement System, but he does not provide any facts to support this claim. Specifically, he does not state how he knows that these Defendants permit the use of the PA system in the inmate housing units twenty-four hours a day. Instead, he merely alleges in a conclusory manner that Defendants deliberately permit the usage. These allegations, with no factual support to show their involvement, are insufficient to allow the PA system conditions-of-confinement claim against Defendants Hendricks and Ortiz to proceed at this time. *See Sutton v. Rasheed*, 323 F.3d 236, 249–50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

Plaintiff's ventilation system conditions claim suffers from similar deficiencies. Plaintiff states that Defendants are "well aware" of the problems with the current system, however he provides no information as to how he knows that Defendants are aware of any problems with the system. These allegations, without more, fail to show any personal involvement by Defendants and this claim must also be dismissed under *Iqbal*.

Finally, Plaintiff also fails to allege personal involvement with regard to the tainted water issue as well. Plaintiff alleges that Defendant Hendricks is "aware of the tainted water in this facility and [they] are still made to drink and bath and are [sic] food is made and pre-pared [sic] with. Causing complications to [his] health." (Suppl. ¶ 4(b)). However, Plaintiff fails to provide any facts to support his claim that Defendant Hendricks is aware of the situation. He does not state how he knows that Defendant Hendricks is aware of the tainted water. Instead, he merely

6

alleges in a conclusory manner that Defendant Hendricks is aware. With regard to Defendant Ortiz, Plaintiff alleges that he is "aware of how the drinking water is supposed to be treated 2 times a week and blatantly disregards this falt [sic]." (*Id.* at ¶ 5(c)). As with Defendant Hendricks, Plaintiff does not provide any facts to support his allegations that Defendant Ortiz is aware that the water is supposed to be treated and disregards that fact. Moreover, he does not allege that Defendant Ortiz is even aware that the water is tainted. Plaintiff has failed to allege sufficient facts under *Iqbal* to allow his tainted water claim to proceed against either Defendant at this time. *See Rode*, 845 F.2d at 1207.

### 2. Law Library

Plaintiff alleges that Defendants have failed to provide him with access to an updated and complete law library.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (citing *Christopher*, 536 U.S. at 416–17) (footnote omitted).

In this case, Plaintiff has failed to state an access to courts claim against Defendants Hendricks and Ortiz. As with the conditions-of-confinement claims, Plaintiff has failed to allege

with any specificity how these two Defendants were personally involved in depriving Plaintiff of access to an updated copy of the New Jersey Administrative Code and New Jersey Lawyer's Diary. *See Iqbal*, 556 U.S. at 675–76. Moreover, the allegations of the Complaint do not state the arguable legal claim that Plaintiff has lost as a result of his purported lack of access to the courts. Thus, he fails to identify any "actual injury" he has suffered to adequately state an access to courts claim. *See Aruanno v. Main*, 467 F. App'x 134, 137 (3d Cir. 2012) (per curiam) (agreeing with District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered).

### 3. Grievance System

Plaintiff alleges that Defendants have failed to provide an adequate grievance system because the grievance coordinator fails to collect the grievances on a daily basis and submit them to the administration.

At the outset, the Court notes that again Plaintiff does not allege any personal involvement by either Defendant. *Iqbal*, 556 U.S. at 675–76. Moreover, even if he had alleged such personal involvement, "[p]risoners do not have a constitutional right to prison grievance procedures." *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)); *Pressley v. Johnson*, 268 F. App'x 181, 184 (3d Cir. 2008) ("Pressley also complained about the investigation and processing of his inmate grievances. Because there is no due process right to a prison grievance procedure, Pressley's allegations did not give rise to a Fourteenth Amendment violation."); *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005) (same). Because inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); *Mann v. Adams*, 855 F.2d 639 (9th Cir.

1988) (per curiam), any failure to properly process and address Plaintiff's grievances is not actionable under § 1983. This claim will be dismissed for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4]  An appropriate order follows.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*

9